



FILED
CLERK, U.S. DISTRICT COURT

FEB – 4 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                                  DEPUTY

1   James F. Hurst (admitted *pro hac vice*)
    jhurst@winston.com
2   WINSTON & STRAWN LLP
    35 W. Wacker Drive
3   Chicago, IL 60601-9703
    Telephone:   (312) 558-5600
4   Facsimile:   (312) 558-5700

5   Jennifer A. Golinveaux (SBN: 203056)
    jgolinveaux@winston.com
6   WINSTON & STRAWN LLP
    101 California Street
7   San Francisco, CA 94111-5802
    Telephone:   (415) 591-1000
8   Facsimile:   (415) 591-1400

9   Erin R. Ranahan (SBN: 235286)
    eranahan@winston.com
10  WINSTON & STRAWN LLP
    333 S. Grand Avenue
11  Los Angeles, CA 90071-1543
    Telephone:   (213) 615-1700
12  Facsimile:   (213) 615-1750

13  Attorneys for Defendants
    SEARS HOLDINGS CORPORATION;
14  SEARS, ROEBUCK AND CO.; and
    KMART CORPORATION
15

16              UNITED STATES DISTRICT COURT

17             CENTRAL DISTRICT OF CALIFORNIA

18  DECKERS OUTDOOR                    Case No. CV12-8723-JGB (FFMx)
    CORPORATION, a Delaware
19  corporation,                       FIRST AMENDED ANSWER TO
                                       FIRST AMENDED COMPLAINT
20          Plaintiff,                 AND COUNTERCLAIMS

21      vs.                            DEMAND FOR JURY TRIAL

22  SEARS HOLDINGS CORPORATION,
    an Illinois corporation; SEARS,
23  ROEBUCK AND CO., a New York
    corporation; KMART CORPORATION,
24  a Michigan corporation; and DOES 1-10,
    inclusive,
25
            Defendants.
26

27

28

*Winston & Strawn LLP*
*333 S. Grand Avenue*
*Los Angeles, CA 90071-1543*

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1    Sears Holdings Corporation ("Sears Holdings"); Sears, Roebuck and Co.

2  ("Sears"); and Kmart Corporation ("Kmart") (collectively "Defendants") hereby

3  answer the First Amended Complaint ("FAC") of Deckers Outdoor Corporation

4  ("Plaintiff" or "Deckers") as follows:

5    1.    Defendants deny the allegations in paragraph 1 of the FAC.

6    2.    Defendants admit that Plaintiff has filed this action for the claims

7  described, but deny there has been any wrongful activity at issue.

8    3.    Defendants admit that Plaintiff has filed this action for the claims

9  described, but deny there has been any wrongful activity at issue.  Defendants admit

10  that this Court has subject matter jurisdiction over Plaintiff's federal trademark

11  infringement, design patent, and trademark dilution claims.

12    4.    Defendants admit the allegations in paragraph 4 of the FAC.

13    5.    Defendants admit that venue is proper in this district, but deny there has

14  been any wrongful activity at issue.

15    6.    Defendants lack knowledge or information sufficient to form a belief

16  about the truth of the allegations in paragraph 6 of the FAC, and on that basis they

17  deny the allegations.

18    7.    Defendants deny that Sears Holdings is an Illinois corporation.

19  Defendants admit the remaining allegations in paragraph 7 of the FAC.

20    8.    Defendants admit the allegations in paragraph 8 of the FAC.

21    9.    Defendants admit the allegations in paragraph 9 of the FAC.

22    10.    Defendants admit that Kmart is a wholly-owned subsidiary of Kmart

23  Holding Corporation, which is a wholly-owned subsidiary of Sears Holdings.

24  Defendants admit that Sears is a wholly-owned subsidiary of Sears Holdings.

25    11.    Defendants deny there has been any wrongful activity at issue.

26  Defendants lack knowledge or information sufficient to form a belief about the truth

27  of the remaining allegations in paragraph 11 of the FAC, and on that basis they deny

28  the allegations.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1    12.    Defendants deny the allegations in paragraph 12 of the FAC.

2    13.    Defendants lack knowledge or information sufficient to form a belief

3 about the truth of the allegations in paragraph 13 of the FAC, and on that basis they

4 deny the allegations.

5    14.    Defendants lack knowledge or information sufficient to form a belief

6 about the truth of the allegations in paragraph 14 of the FAC, and on that basis they

7 deny the allegations.

8    15.    Defendants lack knowledge or information sufficient to form a belief

9 about the truth of the allegations in paragraph 15 of the FAC, and on that basis they

10 deny the allegations.

11    16.    Defendants lack knowledge or information sufficient to form a belief

12 about the truth of the allegations in paragraph 16 of the FAC, and on that basis they

13 deny the allegations.

14    17.    Defendants lack knowledge or information sufficient to form a belief

15 about the truth of the allegations in paragraph 17 of the FAC, and on that basis they

16 deny the allegations.

17    18.    Defendants deny that each of the trademark registrations attached to the

18 FAC as Exhibit 1 is valid and subsisting.  Defendants lack knowledge or information

19 sufficient to form a belief about the truth of the remaining allegations of paragraph 18

20 of the FAC, and on that basis they deny the allegations.

21    19.    Defendants lack knowledge or information sufficient to form a belief

22 about the truth of the allegations in paragraph 19 of the FAC, and on that basis they

23 deny the allegations.  Defendants note that pages 38-73 of their service copy of the

24 FAC are blank, and on that basis they deny that any copy of U.S. Patent Nos.

25 D599,999; D616,189; or D582,650 is attached to the FAC.

26    20.    Defendants lack knowledge or information sufficient to form a belief

27 about the truth of the allegations in paragraph 20 of the FAC, and on that basis they

28 deny the allegations.

2

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1    21.    Defendants admit that Sears Holdings is the parent company of Sears and

2    of Kmart Holding Corporation, which is the parent company of Kmart.  Defendants

3    admit that a Sears-related entity operates a community of sellers referred to as the

4    Marketplace.  Defendants admit that the web site located at www.sears.com (the

5    "Sears Web Site") displays product listings from the Marketplace.  Defendants admit

6    that the proprietary brands of Sears and/or Kmart are advertised for sale on the Sears

7    Web Site.  Defendants admit that third parties also advertise their goods for sale on the

8    Sears Web Site.  Defendants deny the remaining allegations in paragraph 21 of the

9    FAC.

10    22.    Defendants admit that Exhibit 3 appears to be a copy of a web page,

11    located at

12    https://seller.marketplace.sears.com/SellerPortal/d/help/about_marketplace.jsp#SellOn

13    Sears, the content of which speaks for itself.  Defendants deny the remaining

14    allegations in paragraph 22 of the FAC.

15    23.    Defendants deny the allegations in paragraph 23 of the FAC.

16    24.    Defendants deny the allegations in paragraph 24 of the FAC.

17    25.    Defendants deny the allegations in paragraph 25 of the FAC.

18    26.    Defendants deny the allegations in paragraph 26 of the FAC.

19    27.    Defendants admit the allegations in paragraph 27 of the FAC.

20    28.    Defendants admit that Sears sells items through the Sears Web Site,

21    which is available to certain consumers nationwide and is located at www.sears.com.

22    Defendants deny the remaining allegations in paragraph 28 of the FAC.

23    29.    Defendants admit that the Sears Web Site makes available numerous

24    goods to consumers.  Defendants admit that the Sears Web Site identifies a number of

25    departments—whose names and number may change from time to time—from which

26    various categories of goods can be purchased, both as hyperlinks on the left-hand side

27    of the home page for the Sears Web Site and in other locations.  Defendants admit that

28

1    each department contains subcategories of goods, which a user can access by clicking

2    on the link.  Defendants deny the remaining allegations in paragraph 29 of the FAC.

3        30.    Defendants admit the allegations in paragraph 30 of the FAC.

4        31.    Defendants admit that sellers can advertise and/or sell goods on the Sears

5    Web Site through the Advertise on Sears, Sell on Sears, or Fulfill by Sears programs.

6    Defendants admit that there is a charge associated with each of these programs.

7    Defendants admit that Exhibit 3 appears to be a copy of a web page, located at

8    https://seller.marketplace.sears.com/SellerPortal/d/help/about_marketplace.jsp#SellOn

9    Sears, the content of which speaks for itself.  Defendants deny the remaining

10   allegations in paragraph 31 of the FAC.

11       32.    Defendants admit that a seller who participates in the "Advertise on

12   Sears" program pays when a user "clicks through" from a detailed product listing on

13   the Sears Web Site to purchase one of the seller's listed products from the seller's own

14   web site.  Defendants deny the remaining allegations of paragraph 32 of the FAC.

15       33.    Defendants admit that a seller who participates in the "Sell on Sears"

16   program pays a monthly fee for the ability to participate in the program, along with a

17   commission for actual sales.  Defendants admit that a Sears-related entity processes

18   orders of "Sell on Sears" products.  Defendants admit that sellers ship such orders to

19   the buyer.  Defendants deny the remaining allegations in paragraph 33 of the FAC.

20       34.    Defendants admit that a seller who participates in the "Fulfill by Sears"

21   program pays a monthly fee for the ability to participate in the program, along with a

22   commission for actual sales and a storage fee for inventory storage.  Defendants admit

23   that a Sears-related entity processes orders of "Fulfill by Sears" products.  Defendants

24   admit that a Sears-related entity fulfills such orders via its distribution system.

25   Defendants admit that sellers who participate in "Fulfill by Sears" must send their

26   inventory to the Sears-related entity that fulfills any orders for that inventory.

27   Defendants deny the remaining allegations in paragraph 34 of the FAC.

28

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

35.     Defendants lack knowledge or information sufficient to form a belief about the truth of allegations concerning why sellers use the Marketplace program, and on that basis they deny the allegations in paragraph 35 of the FAC.

36.     Defendants admit that the Sears Web Site employs a search bar that enables users to perform a search of the Sears Web Site, including Marketplace product listings, by typing words or phrases into the search bar. Defendants deny the remaining allegations in paragraph 36 of the FAC.

37.     Defendants deny the allegations in paragraph 37 of the FAC.

38.     Defendants admit that certain Marketplace sellers may elect to participate in a program called "Product Ads" that triggers the display of the seller's goods when users search certain generic categories of products such as "SLR camera." Product listings triggered by a seller's participation in this program are segregated from the search results and are displayed in a column titled "Featured Products" that generates to the right of the search results. *See* Exhibit A. Defendants deny the remaining allegations in paragraph 38 of the FAC.

39.     Defendants deny the allegations in paragraph 39 of the FAC.

40.     Defendants deny the allegations in paragraph 40 of the FAC.

41.     Defendants admit that certain sellers who participate in the "Advertise on Sears" program pay under the Cost-Per-Click model. Under the Cost-Per-Click model, a seller pays when a user clicks from within a detailed product description on the Sears Web Site to purchase a seller's product from the seller's web site. Defendants deny the remaining allegations in paragraph 41 of the FAC.

42.     Defendants admit that sellers pay a commission on certain products sold through the Sears Web Site. Defendants deny the remaining allegations in paragraph 42 of the FAC.

43.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43 of the FAC, and on that basis they deny the allegations.

1    44.     Defendants deny the allegations in paragraph 44 of the FAC.

2    45.     Defendants deny the allegations in paragraph 45 of the FAC.

3    46.     Defendants deny the allegations in paragraph 46 of the FAC.

4    47.     Defendants deny the allegations in paragraph 47 of the FAC.

5    48.     Defendants lack knowledge or information sufficient to form a belief

6    about the truth of allegations concerning Plaintiff's alleged "search for 'UGG boots,'"

7    and on that basis they deny the allegations in paragraph 48 of the FAC.

8    49.     Defendants deny the allegations in paragraph 49 of the FAC.

9    50.     Defendants lack knowledge or information sufficient to form a belief

10    about the truth of allegations concerning Plaintiff's alleged "search for 'UGG boots,'"

11    and on that basis they deny such allegations.  Defendants deny the remaining

12    allegations in paragraph 50 of the FAC.

13    51.     Defendants deny the allegations in paragraph 51 of the FAC.

14    52.     Defendants deny the allegations in paragraph 52 of the FAC.

15    53.     Defendants admit the allegations in paragraph 53 of the FAC.

16    54.     Defendants admit that Kmart sells items through www.kmart.com (the

17    "Kmart Web Site"), which is available to certain consumers nationwide and is located

18    at www.kmart.com.  Defendants deny the remaining allegations in paragraph 54 of the

19    FAC.

20    55.     Defendants admit that the Kmart Web Site makes available numerous

21    goods to consumers.  Defendants admit that the Kmart Web Site identifies a number

22    of departments—whose names and number may change from time to time—from

23    which various categories of goods can be purchased.  Defendants admit that each

24    department contains subcategories of goods, which can be accessed through

25    hyperlinks.  Defendants deny the remaining allegations in paragraph 55 of the FAC.

26    56.     Defendants admit the allegations in paragraph 56 of the FAC.

27    57.     Defendants deny the allegations in paragraph 57 of the FAC.

28

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

58.   Defendants lack knowledge or information sufficient to form a belief about the truth of allegations concerning why sellers use the Marketplace program, and on that basis they deny the allegations in paragraph 58 of the FAC.

59.   Defendants admit that the Kmart Web Site employs a search bar that enables users to perform a search of the Kmart Web Site by typing words or phrases into the search bar.  Defendants deny the remaining allegations in paragraph 59 of the FAC.

60.   Defendants deny the allegations in paragraph 60 of the FAC.

61.   Defendants deny the allegations in paragraph 61 of the FAC.

62.   Defendants deny the allegations in paragraph 62 of the FAC.

63.   Defendants deny the allegations in paragraph 63 of the FAC.

64.   Defendants admit that certain sellers who participate in the "Advertise on Sears" program pay under the Cost-Per-Click model.  Under the Cost-Per-Click model, a seller pays when a user "clicks through" from a detailed product listing on the Sears Web Site to purchase a seller's product from the seller's web site. Defendants deny the remaining allegations in paragraph 64 of the FAC.

65.   Defendants deny the allegations in paragraph 65 of the FAC.

66.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 66 of the FAC, and on that basis they deny the allegations.

67.   Defendants deny the allegations in paragraph 67 of the FAC.

68.   Defendants deny the allegations in paragraph 68 of the FAC.

69.   Defendants deny the allegations in paragraph 69 of the FAC.

70.   Defendants deny the allegations in paragraph 70 of the FAC.

71.   Defendants lack knowledge or information sufficient to form a belief about the truth of allegations concerning Plaintiff's alleged "search for 'UGG boots,'" and on that basis they deny the allegations in paragraph 71 of the FAC.

72.   Defendants deny the allegations in paragraph 72 of the FAC.

73.     Defendants lack knowledge or information sufficient to form a belief about the truth of allegations concerning Plaintiff's alleged "search for 'Ugg boots,'" and on that basis they deny the allegations.  Defendants deny the remaining allegations in paragraph 73 of the FAC.

74.     Defendants deny the allegations in paragraph 74 of the FAC.

75.     Defendants deny the allegations in paragraph 75 of the FAC.

**FIRST CLAIM FOR RELIEF**
**(Federal Trademark Infringement under the Lanham Act)**

76.     Defendants hereby incorporate and reallege their responses to paragraphs 1 through 75 above.

77.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 77 of the FAC, and on that basis they deny the allegations.

78.     Defendants deny the allegations in paragraph 78 of the FAC.

79.     Defendants deny the allegations in paragraph 79 of the FAC.

80.     Defendants deny the allegations in paragraph 80 of the FAC.

81.     Defendants deny the allegations in paragraph 81 of the FAC.

82.     Defendants deny the allegations in paragraph 82 of the FAC.

83.     Defendants deny the allegations in paragraph 83 of the FAC.

84.     Defendants deny the allegations in paragraph 84 of the FAC.

85.     Defendants deny the allegations in paragraph 85 of the FAC.

**SECOND CLAIM FOR RELIEF**
**(False Designations of Origin & False Descriptions – 15 U.S.C. § 1125(a))**

86.     Defendants hereby incorporate and reallege their responses to paragraphs 1 through 85 above.

87.     Defendants deny the allegations in paragraph 87 of the FAC.

88.     Defendants deny the allegations in paragraph 88 of the FAC.

89.     Defendants deny the allegations in paragraph 89 of the FAC.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

90.     Defendants deny the allegations in paragraph 90 of the FAC.

91.     Defendants deny the allegations in paragraph 91 of the FAC.

## THIRD CLAIM FOR RELIEF
### (Federal Trademark Dilution – 15 U.S.C. § 1125(c))

92.     Defendants hereby incorporate and reallege their responses to paragraphs 1 through 91 above.

93.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 93 of the FAC, and on that basis they deny the allegations.

94.     Defendants deny the allegations in paragraph 94 of the FAC.

95.     Defendants deny the allegations in paragraph 95 of the FAC.

96.     Defendants deny the allegations in paragraph 96 of the FAC.

97.     Defendants deny the allegations in paragraph 97 of the FAC.

98.     Defendants deny the allegations in paragraph 98 of the FAC.

## FOURTH CLAIM FOR RELIEF
### (Trademark Dilution in Violation of California Law)

99.     Defendants hereby incorporate and reallege their responses to paragraphs 1 through 98 above.

100.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 100 of the FAC, and on that basis they deny the allegations.

101.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 101 of the FAC, and on that basis they deny the allegations.

102.    Defendants deny the allegations in paragraph 102 of the FAC.

103.    Defendants deny the allegations in paragraph 103 of the FAC.

104.    Defendants deny the allegations in paragraph 104 of the FAC.

105.    Defendants deny the allegations in paragraph 105 of the FAC.

1    106.   Defendants deny the allegations in paragraph 106 of the FAC.

2    107.   Defendants deny the allegations in paragraph 107 of the FAC.

3    108.   Defendants deny the allegations in paragraph 108 of the FAC.

4    **FIFTH CLAIM FOR RELIEF**
**(Common Law Unfair Competition)**
5

6    109.   Defendants hereby incorporate and reallege their responses to paragraphs

7    1 through 108 above.

8    110.   Defendants lack knowledge or information sufficient to form a belief

9    about the truth of the allegations in paragraph 110 of the FAC, and on that basis they

10   deny the allegations.

11   111.   Defendants deny the allegations in paragraph 111 of the FAC.

12   112.   Defendants deny the allegations in paragraph 112 of the FAC.

13   113.   Defendants deny the allegations in paragraph 113 of the FAC.

14   114.   Defendants deny the allegations in paragraph 114 of the FAC.

15   115.   Defendants deny the allegations in paragraph 115 of the FAC.

16   116.   Defendants deny the allegations in paragraph 116 of the FAC.

17   117.   Defendants deny the allegations in paragraph 117 of the FAC.

18   118.   Defendants deny the allegations in paragraph 118 of the FAC.

19   **SIXTH CLAIM FOR RELIEF**
**(Patent Infringement – 35 U.S.C. § 271)**
20

21   119.   Defendants hereby incorporate and reallege their responses to paragraphs

22   1 through 118 above.

23   120.   Defendants lack knowledge or information sufficient to form a belief

24   about the truth of the allegations in paragraph 120 of the FAC, and on that basis they

25   deny the allegations.

26   121.   Defendants deny the allegations in paragraph 121 of the FAC.

27   122.   Defendants deny the allegations in paragraph 122 of the FAC.

28   123.   Defendants deny the allegations in paragraph 123 of the FAC.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

124. Defendants deny the allegations in paragraph 124 of the FAC.

125. Defendants deny the allegations in paragraph 125 of the FAC.

126. Defendants deny the allegations in paragraph 126 of the FAC.

### SEVENTH CLAIM FOR RELIEF
**(Unfair Competition In Violation Of CA Bus. & Prof. Code § 17200)**

127. Defendants hereby incorporate and reallege their responses to paragraphs 1 through 126 above.

128. Defendants deny the allegations in paragraph 128 of the FAC.

129. Defendants deny the allegations in paragraph 129 of the FAC.

130. Defendants deny the allegations in paragraph 130 of the FAC.

131. Defendants deny the allegations in paragraph 131 of the FAC.

132. Defendants deny the allegations in paragraph 132 of the FAC.

133. Defendants deny the allegations in paragraph 133 of the FAC.

### AFFIRMATIVE DEFENSES

Defendants identify the following affirmative defenses and reserve the right to raise additional defenses as discovery proceeds. Defendants do not assume the burden of proof on any issue, however characterized, on which they do not bear that burden.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's First Amended Complaint, and each cause of action within it, fails to state a cause of action.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of fair use.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by relevant statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by laches.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by its failure to mitigate damages.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by its failure to join indispensable parties.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the First Amendment to the United States Constitution.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's non-intellectual property and state law claims are barred by the Communications Decency Act, 47 U.S.C. §230(c).

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by estoppel.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by consent, acquiescence, and license.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's remedies are limited by 15 U.S.C. § 1114(2) and Cal. Bus. & Prof. Code § 14245(b).

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's patent infringement claims and prayer for relief are limited by 35 U.S.C. § 287.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendants have not infringed and are not infringing any valid and enforceable claim of United States Design Patent No. D599,999.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendants have not infringed and are not infringing any valid and enforceable claim of United States Design Patent No. D616,189.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants have not infringed and are not infringing any valid and enforceable claim of United States Design Patent No. D582,650.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants have not infringed and are not infringing any valid and enforceable claim of United States Design Patent No. D634,109.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants have not infringed and are not infringing any valid and enforceable claim of United States Design Patent No. D610,789.

## NINETEENTH AFFIRMATIVE DEFENSE

United States Design Patent Nos. D599,999; D616,189; D582,650; D634,109; and D610,789 are invalid for failure to meet the requirements of the Patent Act, including but not limited to 35 U.S.C. §§ 103(a), 112 ¶2, and 171.

## COUNTERCLAIMS

Defendants/Counterclaimants Sears Holdings Corporation; Sears, Roebuck and Co.; and Kmart Corporation ("Defendants") counterclaim against Plaintiff Deckers Outdoor Corporation ("Plaintiff" or "Deckers") as follows:

### JURISDICTION

1. This Court has subject matter jurisdiction over Defendants' claims under 28 U.S.C. § 1338. This action also includes requests for declaratory judgment relief under 28 U.S.C. §§ 2201 and 2202.

2. This Court has personal jurisdiction over Plaintiff because Plaintiff's principal place of business is located within this judicial district.

3. Venue is proper under 28 U.S.C. §1391(c) because Plaintiff is subject to personal jurisdiction in this District.

4. Defendants bring these counterclaims for declaratory relief based upon actual litigation by Deckers against Defendants. An actual case or controversy exists

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

13

1  within the meaning of 28 U.S.C. § 2201 as to whether Defendants bear liability

2  pursuant to the claims brought by Deckers.  A judicial determination is necessary and

3  appropriate at this time so that the parties may ascertain their respective rights and

4  obligations, if any.

5  <div align="center">**PARTIES**</div>

6       5.     Defendant/Counterclaimant Sears Holdings Corporation ("Sears

7  Holdings") is a Delaware corporation with its principal place of business in Hoffman

8  Estates, Illinois.

9       6.     Defendant/Counterclaimant Sears, Roebuck and Co. ("Sears") is a New

10  York corporation with its principal place of business in Hoffman Estates, Illinois.

11       7.     Defendant/Counterclaimant Kmart Corporation ("Kmart") is a Michigan

12  corporation with its principal place of business in Hoffman Estates, Illinois.

13       8.     Defendants believe, and therefore allege, that Plaintiff is a Delaware

14  corporation with its principal place of business in Goleta, California.

15  <div align="center">**BACKGROUND**</div>

16       9.     On December 26, 2012, Plaintiff filed its First Amended Complaint

17  ("FAC") alleging design patent infringement and other claims against Defendants.

18       10.    The FAC alleges that Defendants have infringed patents including, but

19  not limited to, U.S. Patent Nos. D599,999; D616,189; D582,650; and D634,109.

20  (FAC at ¶¶ 19, 121.)  These patents are attached to the FAC as Exhibit 2.

21       11.    The FAC also attaches U.S. Patent No. D610,789, although it does not

22  include any allegations directly referencing this patent.  (Ex. 2 to FAC at 81-91.)

23       12.    Plaintiffs are entitled to a declaration that each of the patents attached to

24  the FAC is invalid.

25

26  <div align="center">**FIRST CAUSE OF ACTION**
**(Declaration of Invalidity of the '999 Patent)**</div>

27       13.    Defendants incorporate and reallege paragraphs 1 through 12 above.

28

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

---

<div align="center">14</div>

14.     Claim 1 of United States Design Patent No. D599,999 issued on September 15, 2009 to Jennifer MacIntyre, from U.S. Design Patent Application No. 29/326,868 filed on October 27, 2008.

15.     According to U.S. Patent and Trademark Office records, the '999 patent is assigned to Deckers Outdoor Corporation.

16.     Claim 1 is directed to the design for a portion of a footwear upper, as shown and described in the 7 Figures of the '999 patent.

17.     Claim 1 of United States Design Patent No. D599,999 is invalid as obvious under 35 U.S.C. § 103(a), because the differences between the subject matter patented and the prior art are such that the subject matter as a whole would have been obvious on October 27, 2008, the asserted priority date and filing date of the '999 patent, to an ordinary observer or a person having ordinary skill in the art.

18.     Claim 1 of United States Design Patent No. D599,999 is invalid as indefinite under 35 U.S.C. § 112 ¶2, because the claim does not particularly point out and distinctly claim the subject matter which the applicant regards as her invention.

19.     Claim 1 of United States Design Patent No. D599,999 is invalid as functional under 35 U.S.C. § 171, because the design for the article of manufacture encompassed by the claim is not ornamental.

20.     Defendants are entitled to a declaration that United States Design Patent No. D599,999 is invalid.

## SECOND CAUSE OF ACTION
### (Declaration of Invalidity of the '189 Patent)

21.     Defendants incorporate and reallege paragraphs 1 through 20 above.

22.     Claim 1 of United States Design Patent No. D616,189 issued on May 25, 2010 to Jennifer MacIntyre, from U.S. Design Patent Application No. 29/343,479 filed on September 14, 2009.

23.     According to U.S. Patent and Trademark Office records, the '189 patent is assigned to Deckers Outdoor Corporation.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

15

24.     Claim 1 of United States Design Patent No. D616,189 is directed to the design for a portion of a footwear upper, as shown and described in the 6 Figures of the '189 patent.

25.     Claim 1 of United States Design Patent No. D616,189 is invalid as obvious under 35 U.S.C. § 103(a), because the differences between the subject matter patented and the prior art are such that the subject matter as a whole would have been obvious on September 14, 2009, the asserted priority date and filing date of the '189 patent, to an ordinary observer or a person having ordinary skill in the art.

26.     Claim 1 of United States Design Patent No. D616,189 is invalid as indefinite under 35 U.S.C. § 112 ¶2, because the claim does not particularly point out and distinctly claim the subject matter which the applicant regards as her invention.

27.     Claim 1 of United States Design Patent No. D616,189 is invalid as functional under 35 U.S.C. § 171, because the design for the article of manufacture encompassed by the claim is not ornamental.

28.     Defendants are entitled to a declaration that United States Design Patent No. D616,189 is invalid.

### THIRD CAUSE OF ACTION
#### (Declaration of Invalidity of the '650 Patent)

29.     Defendants incorporate and reallege paragraphs 1 through 28 above.

30.     Claim 1 of United States Design Patent No. D582,650 issued on December 16, 2008 to Sarah Uratsu, from U.S. Design Patent Application No. 29/292,801 filed on October 29, 2007.

31.     According to U.S. Patent and Trademark Office records, the '650 patent is assigned to Deckers Outdoor Corporation.

32.     Claim 1 of United States Design Patent No. D582,650 is directed to the design for a portion of a footwear upper, as shown and described in the 28 Figures of the '650 patent.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

16

33.    Claim 1 of United States Design Patent No. D582,650 is invalid as obvious under 35 U.S.C. § 103(a), because the differences between the subject matter patented and the prior art are such that the subject matter as a whole would have been obvious on October 29, 2007, the asserted priority date and filing date of the '650 patent, to an ordinary observer or a person having ordinary skill in the art.

34.    Claim 1 of United States Design Patent No. D582,650 is invalid as indefinite under 35 U.S.C. § 112 ¶2, because the claim does not particularly point out and distinctly claim the subject matter which the applicant regards as her invention.

35.    Claim 1 of United States Design Patent No. D582,650 is invalid as functional under 35 U.S.C. § 171, because the design for the article of manufacture encompassed by the claim is not ornamental.

36.    Defendants are entitled to a declaration that United States Design Patent No. D582,650 is invalid.

## FOURTH CAUSE OF ACTION
### (Declaration of Invalidity of the '109 Patent)

37.    Defendants incorporate and reallege paragraphs 1 through 36 above.

38.    Claim 1 of United States Design Patent No. D634,109 issued on March 15, 2011 to Leah Larson, from U.S. Design Patent Application No. 29/346,623 filed on November 3, 2009.

39.    According to U.S. Patent and Trademark Office records, the '109 patent is assigned to Deckers Outdoor Corporation.

40.    Claim 1 of United States Design Patent No. D634,109 is directed to the design for a footwear upper, as shown and described in the 7 Figures of the '109 patent.

41.    Claim 1 of United States Design Patent No. D634,109 is invalid as obvious under 35 U.S.C. § 103(a), because the differences between the subject matter patented and the prior art are such that the subject matter as a whole would have been

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

17

1    obvious on November 3, 2009, the asserted priority date and filing date of the '109

2    patent, to an ordinary observer or a person having ordinary skill in the art.

3        42.    Claim 1 of United States Design Patent No. D634,109 is invalid as

4    indefinite under 35 U.S.C. § 112 ¶2, because the claim does not particularly point out

5    and distinctly claim the subject matter which the applicant regards as her invention.

6        43.    Claim 1 of United States Design Patent No. D634,109 is invalid as

7    functional under 35 U.S.C. § 171, because the design for the article of manufacture

8    encompassed by the claim is not ornamental.

9        44.    Defendants are entitled to a declaration United States Design Patent No.

10   D634,109 is invalid.

### FIFTH CAUSE OF ACTION
### (Declaration of Invalidity of the '789 Patent)

13       45.    Defendants incorporate and reallege paragraphs 1 through 44 above.

14       46.    Claim 1 of United States Design Patent No. D610,789 issued on March 2,

15   2010 to Natalie Ng, from U.S. Design Patent Application No. 29/342,884 filed on

16   September 2, 2009.

17       47.    According to U.S. Patent and Trademark Office records, the '789 patent

18   is assigned to Deckers Outdoor Corporation.

19       48.    Claim 1 of United States Design Patent No. D610,789 is directed to the

20   design for a footwear upper, as shown and described in the 14 Figures of the '789

21   patent.

22       49.    Claim 1 of United States Design Patent No. D610,789 is invalid as

23   obvious under 35 U.S.C. § 103(a), because the differences between the subject matter

24   patented and the prior art are such that the subject matter as a whole would have been

25   obvious on September 2, 2009, the asserted priority date and filing date of the '789

26   patent, to an ordinary observer or a person having ordinary skill in the art.

27

28

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

50.     Claim 1 of United States Design Patent No. D610,789 is invalid as indefinite under 35 U.S.C. § 112 ¶2, because the claim does not particularly point out and distinctly claim the subject matter which the applicant regards as her invention.

51.     Claim 1 of United States Design Patent No. D610,789 is invalid as functional under 35 U.S.C. § 171, because the design for the article of manufacture encompassed by the claim is not ornamental.

52.     Defendants are entitled to a declaration United States Design Patent No. D610,789 is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for relief as follows:

1.     That the Court enter judgment against Deckers on all its claims;

2.     That the Court enter judgment in favor of Defendants and against Deckers on all Defendants' counterclaims;

3.     That the Court declare that Plaintiff's alleged design patents (U.S. Patent Nos. D599,999; D616,189; D582,650; D634,109; and D610,789) are invalid and unenforceable.

4.     That the Court award Defendants' attorneys fees and costs of suit under the Lanham Act as an exceptional case;

5.     That the Court award Defendants their reasonable attorneys' fees pursuant to 35 U.S.C. § 285 as an exceptional case; and

///
///
///
///
///
///
///
///

FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1       6.      That the Court grant Defendants further relief that is just and equitable.

2

3  Dated:  February 4, 2013                    WINSTON & STRAWN LLP

4

5                                              By: _Jennifer A. Golinveaux/pw_____

6                                              Erin R. Ranahan
                                               333 S. Grand Avenue
7                                              Los Angeles, CA 90071-1543
                                               Telephone: (213) 615-1700
8                                              Facsimile: (213) 615-1750

9                                              Jennifer A. Golinveaux
                                               101 California Street
10                                             San Francisco, CA 94111-5802
                                               Telephone: (415) 591-1000
11                                             Facsimile: (415) 591-1400

12                                             James F. Hurst (admitted *pro hac vice*)
                                               35 W. Wacker Drive
13                                             Chicago, IL 60601-9703
                                               Telephone: (312) 558-5600
14                                             Facsimile: (312) 558-5700

15                                             Attorneys for Defendants
                                               SEARS HOLDINGS CORPORATION;
16                                             SEARS, ROEBUCK AND CO.; and
                                               KMART CORPORATION

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

# DEMAND FOR JURY TRIAL

Defendants hereby demand a jury trial for all issues triable by jury.

Dated:  February 4, 2013                WINSTON & STRAWN LLP

By:  *Jennifer A. Golinveaux/prv*
    _____
    Erin R. Ranahan
    333 S. Grand Avenue
    Los Angeles, CA 90071-1543
    Telephone: (213) 615-1700
    Facsimile: (213) 615-1750

    Jennifer A. Golinveaux
    101 California Street
    San Francisco, CA 94111-5802
    Telephone: (415) 591-1000
    Facsimile: (415) 591-1400

    James F. Hurst (admitted *pro hac vice*)
    35 W. Wacker Drive
    Chicago, IL 60601-9703
    Telephone: (312) 558-5600
    Facsimile: (312) 558-5700

    Attorneys for Defendants
    SEARS HOLDINGS CORPORATION;
    SEARS, ROEBUCK AND CO.; and
    KMART CORPORATION

# EXHIBIT A



Slr Camera from Sears.com

SHOP your way | kmart | mygofer | | Kenmore | PartsDirect | LANDS'END | Sears | Sears Outlet | Sell on Sears | See all

Store Locator | Email Savings | Customer Service | Sears Credit Cards

sears

slr camera Submit

sign in | register | My Location | Cart 1

Departments | LocalAd | Deals Center | Parts & Services | Gifts | Gift Cards | Gift Registry | En español | Share | Feedback

FREE store pick up learn more OR FREE SHIPPING on orders of $49 or more See details OR 3 months of FREE SHIPPING learn more SHOP YOUR WAY MAX

Search results > Cameras & Camcorders > Digital Cameras > Digital SLR Cameras > "Slr Camera"

**Narrow By**

**Brand**

- Canon (309)
- Nikon (294)
- Olympus (177)
- DMCOM (76)
- Pentax (45)
- Fujifilm (23)

See More

**LCD Screen Size**

- 1.6-2 inches (1)
- 2.5 to 2.6 in. (2)
- 2.7 to 2.9 in. (36)
- 3 in. or more (500+)
- Less Than 1.5 Inches (2)

**Price**

- $0 - $250 (194)
- $250 - $575 (199)
- $575 - $775 (205)
- $775 - $975 (167)
- $975 - $1650 (187)
- $1650 & above (151)

$ to $ GO

**Current Offers**

**Video Recording**

**Touch Screen LCD**

**Discount**

**Optical Zoom**

**Product Bundle**

**DSLR Type**

**Features**

**Viewfinder Type**

**New Arrivals**

# "Slr Camera"

We've directed you to our Cameras & Camcorders > Digital Cameras > Digital SLR Cameras category. ×
Repeat your search over our entire catalog without this redirect.

All Products (500+) | Sears Only (36) | Sort by Relevance | View:

Canon EOS Rebel T3 18-55mm 12.2 Megapixel Digital SLR

(12)

~~$549.99~~ $479.99

PRICE DETAILS

Add to Cart

add to compare

ship free | pickup free

Sold by Sears | Sears Item# 00353359000P | Model# 5157B002

**Canon EOS Rebel T3 Camera Is Perfect for Photographers Wanting to Move Up**
You've gotten great pictures with point-and-shoots for a few years, but now that you're ready to take it to the next level it's time to meet the **Canon EOS Rebel T3 SLR Digital Camera**. Packed with See more

Customer Preferred Item

Nikon D3100 Digital SLR Camera + 18-55mm G VR DX AF-S Zoom Lens - Factory

~~$699.95~~ $379.95

PRICE DETAILS

Add to Cart

add to compare

ship

**Marketplace Item** | learn more
Sold by Cameta Camera

**Featured Products**

Olympus PEN E-PL1 12.3MP Digital Camera with 14-42mm f/3.5-5.6 Lens (Black) + 32GB

NOT YET RATED

$488.00

PRICE DETAILS

Add to Cart

**Marketplace Item** | learn more
Sold by ZeeMoDigital

Nikon D3100 - Digital camera - SLR - 14.2 MP - 3 x optical zoom AF-S VR DX 18-55mm

(16)

~~$649.99~~ $476.95

PRICE DETAILS

Add to Cart

Canon EOS Rebel T3i 18-55mm IS II Digital SLR Camera Kit

(3)

~~$699.99~~ $649.99

PRICE DETAILS

Add to Cart

Nikon D5100 Digital SLR Camera

(5)

~~$799.00~~ $596.95

PRICE DETAILS

Add to Cart

Olympus PEN E-PL1 12.3MP Digital Camera with 14-42mm f/3.5-5.6 Zuiko Digital Zoom

NOT YET RATED

$339.90

PRICE DETAILS

Add to Cart

http://www.sears.com/...eras-camcorders-digital-cameras-digital-slr-cameras/s-1231481378?keyword=slr+camera&viewItems=25&autoRedirect=true&redirectType=CAT_REC_PRED[1/11/2013 2:41:44 PM]

Slr Camera from Sears.com

▸ Shop Your Way MAX

▸ Minimum Rating

▸ Sears and Other
Sellers ⓘ

▸ Store Pickup &
Delivery

☐ add to compare
ship free | pickup free

☐ add to compare
ship free | pickup free

☐ add to compare
ship free | pickup free

Marketplace Item | learn
more
Sold by ZeeMoDigital









Canon EOS Rebel T3 Digital
SLR Camera Body + EF-S 18-
55 IS II Lens + 16GB Card +

Nikon D3200 DSLR Kit - Black

Fujifilm FinePix S4200 Digital
Camera (Black)

Olympus PEN E-PL1 12.3MP
Digital Camera with 14-42mm
f/3.5-5.6 Zuiko Digital Zoom

★★★★★

★★★★★

★★★★★

NOT YET RATED

$537.90

$899.99 $596.95

$221.89

$439.00

PRICE DETAILS

PRICE DETAILS

PRICE DETAILS

PRICE DETAILS

[Add to Cart]

[Add to Cart]

[Add to Cart]

[Add to Cart]

☐ add to compare
ship free

☐ add to compare
ship free | pickup free

☐ add to compare
ship

Marketplace Item | learn
more
Sold by Camela Camera

Marketplace Item | learn
more
Sold by SunsetElectronics

Marketplace Item | learn
more
Sold by ZeeMoDigital







Canon EOS Rebel T4i Digital
SLR Camera Body + EF-S 18-
135mm IS STM Lens

Nikon D3200 Digital SLR
Camera + 18-55mm G VR DX
AF-S Zoom Lens + 16GB

Canon EOS 7D 18 MP SLR
Camera + 9 Lens Kit w/ EF-S
18-55mm f/3.5-5.6 & EF 75-

Olympus PEN E-PL1 Digital
Camera + 14-42mm f/3.5-5.6
Zoom Lens and ED 40-

★★★★★

★★★★★

★★★★★

NOT YET RATED

$999.00

$876.90

$2034.00

$699.00

PRICE DETAILS

PRICE DETAILS

PRICE DETAILS

PRICE DETAILS

[Add to Cart]

[Add to Cart]

[Add to Cart]

[Add to Cart]

☐ add to compare
ship free

☐ add to compare
ship free

☐ add to compare
ship free

Marketplace Item | learn
more
Sold by Camela Camera

Marketplace Item | learn
more
Sold by Camela Camera

Marketplace Item | learn
more
Sold by 33 Street Camera

Marketplace Item | learn
more
Sold by ZeeMoDigital









Slr Camera from Sears.com

Canon EOS Rebel T4i Digital
SLR Camera Body + EF-S 18-
135mm IS STM Lens with EF

★ ★ ★ ★ ★
$1199.00
PRICE PENDING

Add to Cart

☐ add to compare
ship free

**Marketplace Item | learn more**
Sold by Cameta Camera

Canon EOS Rebel T4i Digital
SLR Camera Body + EF-S 18-
55 IS II Lens + 55-250 IS

★ ★ ★ ★ ★
$918.90
PRICE DETAILS

Add to Cart

☐ add to compare
ship free

**Marketplace Item | learn more**
Sold by Cameta Camera

Nikon D3200 Digital SLR
Camera + 18-55mm G VR DX
AF-S Zoom Lens (Red) with

★ ★ ★ ★ ★
$699.90
PRICE DETAILS

Add to Cart

☐ add to compare

**Marketplace Item | learn more**
Sold by Cameta Camera

Olympus PEN E-PL1 12.3MP
Digital Camera with 14-42mm
f/3.5-5.6 Zoom Lens &

NOT YET RATED
$699.00

Add to Cart

**Marketplace Item | learn more**
Sold by ZeeMoDigital



Nikon D600 Digital SLR
Camera Body with 64GB Card
+ Battery + Remote +

★ ★ ★ ★ ★
$1999.95
PRICE DETAILS

Add to Cart

☐ add to compare
ship free

**Marketplace Item | learn more**
Sold by Cameta Camera

Canon EOS Rebel T4i Digital
SLR Camera Body + EF-S 18-
55mm IS II Lens with EF-S

★ ★ ★ ★ ★
$899.00
PRICE DETAILS

Add to Cart

☐ add to compare
ship free

**Marketplace Item | learn more**
Sold by Cameta Camera



Nikon D7000 Digital SLR
Camera + 18-105mm VR DX
AF-S Zoom Lens

★ ★ ★ ★ ★
$1196.95
PRICE DETAILS

Add to Cart

☐ add to compare
ship free

**Marketplace Item | learn more**
Sold by Cameta Camera

Olympus PEN E-PL1 12.3MP
Digital Camera with 14-42mm
f/3.5-5.6 Zuiko Digital Zoom

NOT YET RATED
$369.00

Add to Cart

**Marketplace Item | learn more**
Sold by ZeeMoDigital





Canon EOS Rebel T4i Digital
SLR Camera Body + EF-S 18-
135mm IS STM Lens with EF-

★ ★ ★ ★ ★ (1)
$1148.00
PRICE DETAILS

Add to Cart

☐ add to compare
ship free

**Marketplace Item | learn more**
Sold by Cameta Camera

Canon EOS Rebel T4i Digital
SLR Camera Body + EF-S 18-
55mm IS II Lens + 32GB Card

★ ★ ★ ★ ★
$766.90
PRICE DETAILS

Add to Cart

☐ add to compare
ship free

**Marketplace Item | learn more**
Sold by Cameta Camera

Canon EOS 5D Mark III 22.3
MP Full Frame CMOS with
1080p Full-HD Video Mode

★ ★ ★ ★ ★
$3349.00
PRICE DETAILS

Add to Cart

☐ add to compare
ship free

**Marketplace Item | learn more**
Sold by 33 Street Camera

Olympus PEN E-PL1 12.3MP
Digital Camera with 14-42mm
f/3.5-5.6 Zoom Lens &

NOT YET RATED
$808.00
PRICE DETAILS

Add to Cart

**Marketplace Item | learn more**
Sold by ZeeMoDigital



Slr Camera from Sears.com







Canon EOS 60D 18 MP SLR
Camera + 9 Lens Kit w/ EF-S
18-55mm f/3.5-5.6 & EF 75-

★★★★★

**$1554.00**
PRICE DETAILS

Add to cart

☐ add to compare
ship free

**Marketplace Item | learn more**
Sold by 33 Street Camera

Nikon D3200 Digital SLR
Camera + 18-55mm G VR DX
AF-S Zoom Lens (Black) with

★★★★★

**$655.90**
PRICE DETAILS

Add to cart

☐ add to compare
ship free

**Marketplace Item | learn more**
Sold by Cameta Camera

Canon EOS Rebel T4i Digital
SLR Camera Body + EF-S 18-
55mm IS II Lens with EF 75-

★★★★★

**$949.00**
PRICE DETAILS

Add to cart

☐ add to compare
ship free

**Marketplace Item | learn more**
Sold by Cameta Camera

Olympus PEN E-PL1 12.3MP
Digital Camera with 14-42mm
f/3.5-5.6 Zuiko Digital Zoom

NOT YET RATED

**$449.00**
PRICE DETAILS

Add to cart

**Marketplace Item | learn more**
Sold by ZeeMoDigital



Nikon D3200 Digital SLR
Camera + 18-55 G VR DX AF-
S Zoom Lens + 55-300 VR

★★★★★

**$904.90**
PRICE DETAILS

Add to cart

☐ add to compare
ship free

**Marketplace Item | learn more**
Sold by Cameta Camera

Nikon D3200 Digital SLR
Camera + 18-55 G VR DX AF-
S Zoom Lens (Red) + 70-300

★★★★★

**$849.90**
PRICE DETAILS

Add to cart

☐ add to compare
ship free

**Marketplace Item | learn more**
Sold by Cameta Camera

NEXT
PAGE
of these pics

Items  1-25 of 500+          25 Items per page          Page 1          Next ►

"Digital SLR's For Professional Images With Ease All the famous names in SLR photography, Canon, Nikon, Sony and Pentax, are still brand leaders in their field with modern, high-speed digital SLR cameras. Today, even an amateur photographer can obtain excellent results with modern digital SLR cameras. These cameras feature fast photo capture and high resolution images. With a little care and a steady stance or use of a tripod, getting a nice photo that is high quality enough to be blown up into poster sized enlargements is very possible for anyone. Photography is a wonderful hobby, enjoyed by many people. Those who grew up using old style SLR cameras are delighted with the newest Digital SLR Cameras. New technology has meant improvements all the way, from shooting images to final output production. Digital photography has many advantages over the old film style photography. It is easier to manipulate and work with digital images. Getting printing done is also easier, and there are more printed products that will benefit from using digital images. Canon, Pentax, and the other major brand producers of digital SLR cameras have worked new technological developments into their products; and the results are outstanding. Cameras made by reliable pros like Canon, Nikon, Sony and Pentax have added new dimensions of speed and special effects that are very simple to use. Add special effects when shooting, resize photos, or do any number of other manipulations. Start with a basic digital SLR camera and then, start with a professional model and see how the camera can improve even the best photo opportunities. There are many accessories for digital SLR cameras on the market. There are padded SLR camera bags of all sizes that have special pockets to hold lenses and other attachments. Pockets will help prevent damage that can occur when cameras and accessories bump against each other while in transport. Tripods are always helpful, even with high speed digital photography. Add external flash units to achieve special lighting effects. Be sure to stock up on different lenses and replacement batteries, so you are ready to shoot photos anytime. Digital SLR camera accessories are a key to keeping the digital SLR cameras safe and adaptable for continued enjoyment over the years."

ADVERTISEMENT





Slr Camera from Sears.com

Back to Top⊕

| Contact Us | Accounts & Orders | Customer Service | Sell on Sears | About Sears | Legal | More Sears Sites |

 © 2013 Sears Brands, LLC. All Rights Reserved    Terms of Use   Privacy Policy   Interest Based Ads   Children's Privacy Policy   California Privacy Rights   California Transparency Act   Product Recalls

Site Map

EXHIBIT A - Page 27

1

## CERTIFICATE OF SERVICE

2

### United States District Court for the Central District of California
### Case No. CV12-8723-JGB (FFMx)

3

4      I am a resident of the State of California, over the age of eighteen years, and not

5  a party to the within action.  My business address is Winston & Strawn LLP, 333 S.

6  Grand Avenue, Los Angeles, CA 90071-1543.  On February 4, 2013, I served the

7  following document:

8      **FIRST AMENDED ANSWER TO FIRST AMENDED**
       **COMPLAINT AND COUNTERCLAIMS; DEMAND FOR JURY**
9      **TRIAL**

10

11      by placing a copy of the documents listed above in a sealed envelope with
       postage thereon fully prepaid in the United States mail at Los Angeles,
12     CA addressed as set forth below.  I am readily familiar with the firm's
       business practice for collection and processing of correspondence for
13     mailing with the United States Postal Service.  On the same day that
       correspondence is placed for collection and mailing, it is deposited in the
14     ordinary course of business with the United States Postal Service with
       postage fully prepaid.

15

16                              SEE ATTACHED SERVICE LIST

17

18      I declare under penalty of perjury under the laws of the United States of

19  America that the above is true and correct.

20  Signed:  *P. Waters*
                Patricia Waters
21

22  Dated:  February 4, 2013

23

24

25

26

27

28

*Winston & Strawn LLP*
*333 S. Grand Avenue*
*Los Angeles, CA 90071-1543*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SERVICE LIST**
*Deckers v. Sears Holdings Corp., et al.*
**Case No. CV12-8723-JGB (FFMx)**

| | |
|---|---|
| Brent H. Blakely, Esq.<br>Courtney L. Stuart-Alban, Esq.<br>BLAKELY LAW GROUP<br>915 North Citrus Avenue<br>Hollywood, CA 90038<br>T: (323) 464-7400<br>F: (323) 464-7410<br>Email: bblakely@blakelylawgroup.com<br>Email: cstuartalban@blakelylawgroup.com | Attorneys for Plaintiff<br>Deckers Outdoor Corporation |

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543