Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410

***Attorneys for Plaintiff***
***Deckers Outdoor Corporation***

James F. Hurst (admitted *pro hac vice*)
jhurst@winston.com
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

*Additional counsel listed on signature page*

***Attorneys for Defendants***
***Sears Holdings Corporation;***
***Sears, Roebuck and Co.; and***
***Kmart Corporation***

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SEARS HOLDINGS CORPORATION, an Illinois Corporation; SEARS, ROEBUCK AND CO., a New York Corporation; KMART CORPORATION, a Michigan Corporation and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. CV 12-08723 JGB (FFMx)<br><br>**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**<br><br>[DISCOVERY MATTER]<br><br>**Honorable Frederick F. Mumm** |

**1. PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 5.5, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**2. DEFINITIONS**

As used in this Protective Order,

a. "CONFIDENTIAL" Material: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

b. Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

c. Designating Party: Any Person who designates Material as Protected Material.

d. Expert and/or Consultant: A person with specialized knowledge or experience in a matter pertinent to the litigation, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, and who is not a past or current employee of a Party and who, at the time of retention, is not anticipated to become an

employee of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

e. "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Material: extremely sensitive "Confidential Material," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

f. Material: Any document, testimony or information in any form or medium whatsoever, including, without limitation, any written or printed matter, Provided in this action by a Party before or after the date of this Protective Order.

g. Non-Party: Any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

h. Outside Counsel of Record: Attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

i. Party: The Parties to this action, including all of its officers, directors, employees, agents, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

j. Person: Any individual, corporation, partnership, unincorporated association, governmental agency, or other business or governmental entity whether a Party or not.

k. Producing Party: Any Person who Provides Material during the course of this action.

l. Protected Material: Materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as defined below

m. Provide: To produce any Material, whether voluntarily or involuntarily, whether pursuant to request or process.

n. Receiving Counsel: Counsel of record for a Receiving Party.

o. Receiving Party: Any Party that receives Material from a Producing Party.

**3. SCOPE**

The protections conferred by this Order cover not only Protected Material, but also (a) any information copied or extracted from Protected Material; (b) all copies, excerpts, summaries, or compilations of Protected Material; and (c) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

**4. DURATION**

The confidentiality obligations imposed by this Order shall remain in effect, even after the termination of this litigation, until the Designating Party agrees otherwise in writing or this Court orders otherwise.

**5. CONFIDENTIAL DESIGNATION**

5.1 Basic Principles. A Producing Party shall stamp as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Materials which the Producing Party in good faith believes are entitled to protection. A Producing Party may designate Protected Material under this order by either of the following methods:

a. By physically marking it with the following inscription prior to Providing it to a Party:

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

or

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY SUBJECT TO PROTECTIVE ORDER

b. By identifying with specificity in writing to the Receiving Party any previously Provided Material which was not designated as Protected Material, or which was designated as "Confidential" rather than "Highly Confidential – Attorneys' Eyes Only," prior to its having been Provided. For purposes of this method of designation, it will be a sufficiently specific identification to refer to the bates

numbers or deposition page numbers of previously Provided Material. Where a Producing Party designates previously Provided Material as Protected Material or increases the designation to "Highly Confidential – Attorneys' Eyes Only" pursuant to this subparagraph, the Producing Party will follow the procedures set forth in the previous subparagraph for designating Protected Material, and Provide to the Receiving Party additional copies of the previously Provided Material marked with the inscription described in the previous subparagraph. Upon receipt of the additional copies which comply with the procedures set forth in the previous subparagraph, the Receiving Party will immediately return to the Producing Party the previously Provided Material, or alternatively, will destroy all the previously Provided Material, at the option of the Producing Party. For previously Provided Material which was not designated as Protected Material at the time of its being Provided, or previously Provided Material which the Producing Party wishes to increase the designation, this Protective Order shall apply to such materials beginning on the date that the Producing Party makes such designation.

5.2 Original Documents or Materials. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend to each page that contains Protected Material.

5.3 Costs. All costs associated with the designations of materials as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" involving, for example, the cost of binding confidential portions of deposition transcripts, shall be

initially borne by the Party making the designation with no prejudice regarding the Designating Party's ability to recover its costs upon completion of the litigation.

5.4 Withdrawing Mistaken Designation. If it comes to the Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.5 Filing Under Seal. The designation of documents as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not entitle the parties to have those documents filed under seal. An application, including a stipulated application to filed documents under seal must comply with Local Rule 79-5.

5.6 Increasing the Designation of Information or Items Produced by Other Parties or Non-Parties. A Party may increase the designation of any Material produced by any other Party or Non-Party, provided that said Material contains the upward Designating Party's own Confidential or Highly Confidential information. Increasing a designation shall be accomplished by providing written notice to all Parties identifying the Material whose designation is to be increased. Promptly after providing such notice, the upward Designating Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation. The Receiving Party will replace the incorrectly designated materials and will destroy the incorrectly designated materials. Any Party may object to the increased designation pursuant to the procedures set forth in Section 13 regarding objecting to designations. The upward Designating Party shall bear the burden of establishing the basis for the increased designation.

5.7 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable

efforts to assure that the material is treated in accordance with the provisions of this Order.

**6. RESTRICTION ON USE OF PROTECTED MATERIAL**

6.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by a Producing Party only in connection with this action for prosecuting, defending, or attempting to settle this action. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 14, below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. For purposes of this Order, a secure website, or other internet-based document depository with adequate security and access limited to the persons authorized under this Order, shall be deemed a secure location. Nothing in this Order shall in any way restrict the use or dissemination by a Party or Non-Party of its own “CONFIDENTIAL” or “HIGHLY CONFIDENTIAL – ATTORNEYS’ EYES ONLY” Protected Material.

6.2 Disclosure of Protected Material. Protected Material designated as CONFIDENTIAL shall not be disclosed, nor shall its contents be disclosed, to any person other than those described in Section 6.3 of this Protective Order and other than in accordance with the terms, conditions and restrictions of this Protective Order. Protected Material designated as ATTORNEYS’ EYES ONLY shall not be disclosed, nor shall its contents be disclosed to any person other than those described in Section 6.4 of this Protective Order.

6.3 Disclosure of Material Designated Confidential. For purposes of the preparation of this action, and subject to the terms, conditions, and restrictions of this Protective Order, Receiving Counsel may disclose Material designated as CONFIDENTIAL and the contents of Material designated as CONFIDENTIAL only to the following persons:

a.  Receiving Party's Outside Counsel of record working on this action on behalf of any Party and Outside Counsel's employees who are directly participating in this action, including counsel's partners, associates, paralegals, assistants, secretaries, and clerical staff.

b.  In-house counsel and such in-house counsel's employees who are directly participating in this action, including counsel's paralegals, assistants, secretaries, and clerical staff.

c.  Court and deposition reporters and their staff.

d.  The Court and any Person employed by the Court whose duties require access to Material designated as CONFIDENTIAL.

e.  Witnesses at depositions or pre-trial proceedings to whom disclosure is reasonably necessary and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A), which shall be made an exhibit to the deposition transcript, or have agreed on the record to keep the information confidential and not to use it for any purpose.

f.  Non-Party Experts/Consultants assisting counsel with respect to this action and their secretarial, technical and clerical employees who are actively assisting in the preparation of this action who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A).

g.  Officers, directors and employees of the Parties hereto who have a need to review Material designated as CONFIDENTIAL to assist in connection with this litigation, subject to the limitations set forth herein;

h.  Photocopy service personnel who photocopied or assisted in the photocopying or delivering of documents in this litigation;

i.  Stenographers, their staffs, professional vendors, and private mediators to whom disclosure is reasonably necessary for this litigation .

j.  Any Person identified on the face of any such Material designated as CONFIDENTIAL as an author or recipient thereof;

k. Any Person who is determined to have been an author and/or previous recipient of the Material designated as CONFIDENTIAL, but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the Material designated as CONFIDENTIAL by such Person; and

l. Any Person who the Parties agree in writing may receive Material designated as CONFIDENTIAL.

The Parties shall make a good faith effort to limit dissemination of Material designated as CONFIDENTIAL within these categories to Persons who have a reasonable need for access thereto.

6.4 Disclosure of Material Designated Highly Confidential – Attorneys' Eyes Only. For purposes of the preparation of this action, and subject to the terms, conditions, and restrictions of this Protective Order, the Receiving Counsel may disclose Material designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, and the contents of Material so designated, only to the following persons:

a. The Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel of record to whom it is reasonably necessary to disclose the information for this litigation.

b. Designated In-House Counsel of the Receiving Party (1) who have no involvement in competitive decision-making, (2) who have been specifically designated to work on this litigation, (3) to whom disclosure is reasonably necessary for this litigation, and (4) who have signed the "Acknowledgment and Agreement To Be Bound" (Exhibit A).

c. Court and deposition reporters and their staff.

d. The Court and any person employed by the Court whose duties require access to Material designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

e. Experts and/or Consultants of the Receiving Party assisting counsel with respect to this action and their secretarial, technical and clerical

employees who are actively assisting in the preparation of this action to whom disclosure is reasonably necessary and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A).

f. Any Person identified on the face of any such Material designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY as an author or recipient thereof; and

g. Any Person who is determined to have been an author and/or previous recipient of the Material designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the Material designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by such Person; and

h. Any Person who the Parties agree in writing may receive Material designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

**7. DEPOSITIONS**

Those portions of depositions taken by any Party at which any Material designated as CONFIDENTIAL is used or inquired into, may not be conducted in the presence of any Person(s) other than (a) the deposition witness, (b) his or her counsel, and (c) Persons authorized under Paragraph 6.3 of this Protective Order to view such Confidential Material. During those portions of depositions in which Material designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY is used or inquired into, only those persons authorized under Paragraph 6.4 to view such Materials may be present.

Counsel for any deponent may designate testimony or exhibits as Protected Material by indicating on the record at the deposition that the testimony of the deponent or any exhibits to his or her testimony are to be treated as Protected Material. Counsel for any Party may designate exhibits in which that Party has a cognizable interest as Confidential Material by indicating on the record at the deposition that such exhibit(s) are to be treated as Confidential Material. Failure of

counsel to designate testimony or exhibits as confidential at deposition, however, shall not constitute a waiver of the protected status of the testimony or exhibits. Within thirty calendar days of receipt of the transcript of the deposition, or thirty days of the date on which this Protective Order becomes effective, whichever occurs last, counsel shall be entitled to designate specific testimony or exhibits as Protected Material. The entire testimony shall be deemed to have been designated as Protected Material until the time within which the transcript may be designated has elapsed. If testimony is not designated within the prescribed time period, then such testimony shall not be deemed Protected Material except as ordered by the Court. For purposes of this Section , this Protective Order shall be deemed "effective" on the date on which it has been executed by all counsel for the Parties. Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to included Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgement and Agreement To Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

When Material disclosed during a deposition is designated Protected Material at the time testimony is given, the reporter shall separately transcribe those portions of the testimony so designated, shall mark the face of the transcript in accordance with Section 5.1 above, and shall maintain that portion of the transcript or exhibits in separate files marked to designate the confidentiality of their contents. The reporter shall not file or lodge with the Court any Protected Material without obtaining written consent from the Party who designated the Material as Protected Material. For convenience, if a deposition transcript or exhibit contains repeated references to Protected Material which cannot conveniently be segregated from non-confidential material, any Party may request that the entire transcript or exhibit be maintained by the reporter as Protected Material.

**8. USE OF PROTECTED MATERIAL IN PLEADINGS AND OTHER COURT PAPERS**

If any Party or Non-Party seeks to file or lodge with the Court any Protected Material, such materials shall be submitted to the Court in accordance with the procedures set forth in Local Rule 79-5.1. No documents may be filed or lodged under seal absent a court order pertinent to the specific document(s). If a Party wishes to file or lodge documents under seal, the other Party shall not unreasonably withhold agreement to such procedure. If an agreement is reached, the Parties shall submit to the Court a Stipulation and Proposed Order for such filing or lodging under seal. If no such agreement is reached, then the proponent of lodging or filing under seal shall submit an Application and Proposed Order pursuant to Local Rule 79-5.1.

**9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a discovery request, subpoena or an order issued in other litigation that would compel disclosure of any Protected Material, the Receiving Party must so notify the Designating Party, in writing, along with a copy of the discovery request, subpoena or order, as soon as reasonably practicable. The Receiving Party must also immediately inform the party who caused the discovery request, subpoena or order to issue in the other litigation that some or all of the material covered by the discovery request, subpoena or order is the subject of this Protective Order and deliver a copy of this Order promptly to the party in the other action that caused the discovery request, subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to protect its interests in the court from which the discovery request, subpoena or order is issued.

If the Designating Party timely seeks a protective order, the Party served with a subpoena or order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**10.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the party shall: (a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; (b) promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and (c) make the information requested available for inspection by the Non-Party.

If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the

confidentiality agreement with the Non-Party before a determination by the court. The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement To Be Bound" (Exhibit A).

**12. INADVERTENT PRODUCTION OF PRIVILEGED/PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

**13. OBJECTIONS TO DESIGNATION**

Any Party may at any time notify the Designating Party in writing of its contention that specified Material designated as Protected Material is not properly so designated because such Material does not warrant protection under applicable law. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. The Designating Party shall within five court days, meet and confer in good faith with the Party challenging the designation in an attempt to resolve such dispute. The Designating Party shall have ten (10) calendar days from the initial meet and confer to file a motion to uphold the designation of the material in question. Any such motion shall be set for hearing on the first available calendar date. If no motion is filed within 10 days, or any mutually agreed to extension of time, all Parties may treat the Material as non-protected. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Pending resolution of any motion filed pursuant to this Paragraph, all Persons bound by this Protective Order shall continue to treat the Material which is the subject of the motion as Protected Material.

Any discovery disputes concerning the designation of materials or disclosure of documents or information under this Protective Order shall be brought in compliance with Local Rule 37 and a proposed stipulated protective order should so provide.

**14. RETURN OF MATERIAL**

Within ninety (90) calendar days after the final settlement or termination of this action, Receiving Counsel shall return or destroy (at the option and expense of Receiving Counsel) all Materials provided by a Producing Party and all copies thereof except to the extent that any of the foregoing includes or reflects Receiving Counsel's work product, and except to the extent that such Material has been filed with a court in which proceedings related to this action are being conducted. In addition, with respect to any such retained work product and unless otherwise agreed to, at the conclusion of this action, counsel for each Party shall store in a secure area all work product which embodies Protected Material together with all of the signed undertakings they are required to preserve pursuant to Exhibit A of this Order, and shall not make use of such Material except in connection with any action arising directly out of these actions, or pursuant to a court order for good cause shown. The obligation of this

Protective Order shall survive the termination of this action. To the extent that Protected Materials are or become known to the public through no fault of the Receiving Party, such Confidential Materials shall no longer be subject to the terms of this Protective Order. Upon request, counsel for each Party shall verify in writing that they have complied with the provisions of this paragraph.

**15.     SCOPE OF THIS ORDER**

Except for the provisions regarding post-trial or post-settlement return and destruction of Material, or segregation of work product which embodies Protected Material, this order is strictly a pretrial order; it does not govern the trial in this action.

Not later than seven days before trial in the action, Counsel agree to meet and confer concerning the use at trial of Protected Material.

Nothing in this Protective Order shall be deemed to limit, prejudice, or waive any right of any Party or Person (a) to resist or compel discovery with respect to, or to seek to obtain additional or different protection for, Material claimed to be protected work product or privileged under California or federal law, Material as to which the Producing Party claims a legal obligation not to disclose, or Material not required to be provided pursuant to California law; (b) to seek to modify or obtain relief from any aspect of this Protective Order; (c) to object to the use, relevance, or admissibility at trial or otherwise of any Material, whether or not designated in whole or in part as Protected Material governed by this Protective Order; or (d) otherwise to require that discovery be conducted according to governing laws and rules.

Designation of Material as Protected Material on the face of such Material shall have no effect on the authenticity or admissibility of such Material at trial.

This Protective Order shall not preclude any Person from waiving the applicability of this Protective Order with respect to any Protected Material Provided by that Person or using any Protected Material Provided by that Person or using any Protected Material owned by that Person in any manner that Person deems appropriate.

This Protective Order shall not affect any contractual, statutory or other legal obligation or the rights of any Party or Person with respect to Protected Material designated by that Party.

The restrictions set out in the Protective Order shall not apply to any Material which the Receiving Party can show:

a. Was already known to the Receiving Party independently of receipt of the Confidential Material in this or prior litigation; or

b. Was received by the Receiving Party, after the time it was designated as Confidential Material hereunder, from a third party having the right to make such disclosure.

**16. SUBMISSION TO COURT**

The Parties agree to submit this Protective Order to the Court for adoption as an order of the Court. The Parties reserve the right to seek, upon good cause, modification of this Protective Order by the Court.

Date: June 21, 2013

/S/ FREDERICK F. MUMM
Honorable Frederick F. Mumm
**United States Magistrate Judge**

**EXHIBIT A**

**UNDERTAKING TO BE BOUND BY THE PRETRIAL PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS**

I, ______________________ [print or type full name], of _______________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California in the case of *Deckers Outdoor Corporation v. Sears Holdings Corporation, et al*., No. CV 12-08723 JGB (FFMx). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _______________, 2013

City and State where sworn and signed: ______________________________

Signed: ____________________ [Print Name] ______________________________ [Signature]

SF:354799.1